

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 30, 1998

Bruce A. Levy, M.D., J.D.
Executive Director
Texas State Board of Acupuncture Examiners
P.O. Box 2018
Austin, Texas  78768-2018

Opinion No. DM-471

Re:  Whether the performance of acupuncture is within the scope of practice of a licensed Texas chiropractor  (RQ-988)

Dear Dr. Levy:

You ask whether the practice of acupuncture is within the scope of practice of a licensed doctor of chiropractic, a question that we considered in Attorney General Opinion DM-415. We conclude that the practice of acupuncture as defined in V.T.C.S. article 4495b is within the scope of the practice of chiropractic, and consequently that the conclusion reached in DM-415 with respect to the practice of acupuncture by chiropractors is superseded by statute.

The issue in DM-415 was whether the practice of acupuncture[1] was within the scope of practice of a licensed chiropractor who was not also a licensed acupuncturist. Attorney General Opinion DM-415 (1996). Central to our determination was a consideration of whether acupuncture, defined in part as "the insertion of an acupuncture needle" into the human body, is an "incisive or surgical procedure" under V.T.C.S. article 4512b. *Id.* at 4. We reasoned that because the legislature expressly excluded from the range of procedures that are incisive or surgical "the use of a needle for the purpose of drawing blood for diagnostic testing," the legislature considered the use of a needle for the purpose of drawing blood to be an incisive or surgical procedure. *Id.* at 5. Seeing no distinction between the use of a needle for drawing blood and the use of acupuncture needles, we concluded that acupuncture was not within the scope of practice of chiropractic.

---

[1]When Attorney General Opinion DM-415 was issued, V.T.C.S. article 4495b, which governs the practice of acupuncture in Texas, defined acupuncture as:

    (A) the insertion of an acupuncture needle and the application of moxibustion to specific areas of the human body as a primary mode of therapy to treat and mitigate a human condition; and

    (B) the administration of thermal or electrical treatments or the recommendation of dietary guidelines, energy flow exercise, or dietary or herbal supplements in conjunction with the treatment described by Paragraph (A) of this subdivision.

V.T.C.S. art. 4495b, § 6.02.

As a part of the acupuncture board's sunset legislation, the Seventy-fifth Legislature amended the definition of acupuncture in V.T.C.S. article 4495b, subchapter F (the "acupuncture statute"), to define acupuncture in part as the "nonsurgical, nonincisive insertion of an acupuncture needle." Act of May 29, 1997, 75th Leg., R.S., ch. 1170, 1997 Tex. Sess. Law Serv. 4418, 4418 (codified at V.T.C.S. art. 4495b, § 6.02(1)). Because the acupuncture statute and the chiropractic statute both regulate health care professions, we believe they may be read *in pari materia*. Acupuncture is defined in the acupuncture statute as a "nonsurgical, nonincisive" procedure. Therefore, it is not an "incisive or surgical procedure" excluded by the chiropractic statute from the scope of the practice of chiropractic. Furthermore, the legislative history of the amendment to the acupuncture statute indicates that the amendment was intended to allow chiropractors to practice acupuncture without being separately licensed to do so. *See* Hearing on S.B. 361 Before the House Public Health Comm., 75th Leg. (May 8, 1997) (testimony of Rep. Patricia Gray) (tape available in House Video/Audio Services Office). Therefore, our conclusion in DM-415 that needle acupuncture is not within the scope of the practice of chiropractic has been superseded by statute.

It has been argued that the use of acupuncture needles by chiropractors not licensed to practice acupuncture contravenes the federal Food and Drug Administration's ("FDA") classification of acupuncture needles. We disagree. The FDA defines an acupuncture needle as "a device intended to pierce the skin in the practice of acupuncture." 21 C.F.R. § 880.5580. Acupuncture needles are classified by the FDA as "Class II" medical devices, which are devices for which general controls are insufficient to assure the safety and effectiveness of the device, and which are therefore subject to special controls. *See* 21 U.S.C. § 360c(a) (defining classes of devices); 21 C.F.R. § 860.3 (same). The FDA requires acupuncture needles to be labeled for single use only, conform to FDA requirements for prescription devices, and comply with biocompatibility and sterility requirements. 21 C.F.R. § 880.5580. FDA regulations restrict the use of prescription devices, including acupuncture needles, to practitioners licensed by state law to use or order the use of such devices. *Id.* § 801.109. The FDA does not, however, prescribe who may be licensed by a state to use the device. Any person authorized by state law to use acupuncture needles must do so in accordance with FDA regulations.

## S U M M A R Y

The practice of acupuncture, as defined by V.T.C.S. article 4495b, is not an "incisive or surgical procedure" excluded from the scope of the practice of chiropractic. The conclusion reached in Attorney General Opinion DM-415 with respect to the practice of acupuncture by chiropractors is superseded by statute.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General